## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | : | PETITION NO.: 11-32001-jps |
| | : | CHAPTER 7 |
| ROBERT MATTHEW TYNER, | : | JUDGE SMITH |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ANDREW CLYDE and | : | ADVERSARY PROCEEDING NO.: |
| CLYDE ARMORY, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT MATTHEW TYNER, | : | |
| | : | |
| Defendant / Debtor. | : | |
| _____ | : | |

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

COME NOW, Plaintiffs Andrew Clyde and Clyde Armory, Inc. ("Plaintiffs"), by and

through undersigned counsel, and files this, their Complaint to Determine Non-dischargeability

of Debt against Defendant / Debtor Robert Matthew Tyner ("Mr. Tyner"), and respectfully states

the following:

### PARTIES, JURISDICTION AND VENUE

#### 1.

Mr. Tyner is the debtor in this chapter 7 bankruptcy case.

#### 2.

Mr. Tyner may be served with process via first class mail pursuant to Fed. R. Bankr. P

7004 at his address of record, 1031 Founders Lake Drive, Athens, GA 30606, with a copy to his

attorney of record, Paul Reece Marr, 300 Galleria Parkway, Suite 960, Atlanta, GA 30339.

3.

This is an adversary proceeding to determine the dischargeability of debt pursuant to 11 U.S.C. § 523.

4.

This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(I).

5.

Mr. Tyner is subject to the personal jurisdiction of this Court.

6.

This Court is an appropriate venue for this adversary proceeding pursuant to 28 U.S.C. § 1408.

7.

This adversary proceeding is governed by Fed. R. Bankr. P. 4007.

## STATEMENT OF FACTS

8.

Plaintiff Clyde Armory, Inc. is a Georgia corporation with its principal place of business and registered agent being in Athens-Clarke County, Georgia.

9.

Plaintiff Andrew Clyde is a shareholder and CEO of Clyde Armory, Inc.

10.

Plaintiffs filed a lawsuit against Mr. Tyner on July 21, 2009 in the Superior Court of Oconee County, asserting claims for breach of contract, conversion, fraud, punitive damages and attorney's fees (the "Oconee Lawsuit").  (*See* Complaint, attached hereto as Exhibit A).

11.

On February 11, 2010, Oconee County Superior Court Judge Lawton Stephens entered judgment in favor of Plaintiffs (the "Order").  (*See* Exhibit B, attached hereto).

12.

The Order provides judgment in favor of Plaintiffs and against Mr. Tyner in the amount of $51,018.37.

13.

Specifically, the Order provides judgment against Mr. Tyner for breach of contact, conversion, and fraud, as well as granting Plaintiffs summary judgment against Mr. Tyner for punitive damages and costs of litigation, finding that Mr. Tyner "committed willful misconduct, fraud, and exercised an entire want of care demonstrating conscious indifference to the consequences of [his] actions."

14.

Additionally, in accordance with the Order and due to Mr. Tyner's willful and malicious disregard of Plaintiffs' rights, Judge Stephens amended the Order on March 3, 2010 to include a judgment against Mr. Tyner for costs of litigation in the amount of $9,931.78, plus post-judgment interest.  (*See* Exhibit C, attached hereto).

15.

On May 24, 2010, Judge Stephens also issued an order in regard to Plaintiffs' Motion for Sanctions, entering judgment against Mr. Tyner and in favor of Plaintiffs in the amount of $1,918.97, plus post-judgment interest, due to the fact that Mr. Tyner "willfully failed to respond to Plaintiffs' Discovery Requests ("May 24, 2010 Order").  (*See* Exhibit D, attached hereto).

16.

To date, Mr. Tyner has not paid Plaintiffs any portion of the judgments set forth in the

Order and Subsequent Order.

17.

On December 5, 2011, Mr. Tyner filed a chapter 7 bankruptcy petition with this Court,

attempting to obtain a discharge of the judgments he owes to Plaintiffs.

## COUNT ONE

### DETERMINATION OF NON-DISCHARGEABILITY OF DEBT

18.

Plaintiffs incorporate and restate the preceding allegations in this Complaint as if fully

stated herein.

19.

The Order of judgment, including the March 3, 2010 amendment, entered against Mr.

Tyner in the amount of $60,950.15 plus post-judgment interest is non-dischargeable in

bankruptcy pursuant to 11 U.S.C. § 523(a)(2) because Mr. Tyner's actions respective to

obtaining money from Plaintiffs amounted to actual fraud, as set forth expressly by the Oconee

County Superior Court in said Order.

20.

The Order of judgment, including the March 3, 2010 amendment, is further non-

dischargeable pursuant to 11 U.S.C. § 523(a)(6) because Mr. Tyner's actions amounted to a

willful and malicious injury to Plaintiffs.

21.

The May 24, 2010 Order, entered against Mr. Tyner in the amount of $1,918.97 plus

post-judgment interest is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6) because Mr. Tyner's actions respective to willfully failing to respond to Plaintiffs discovery requests amounted to a willful and malicious injury to Plaintiffs.

WHEREFORE, Plaintiffs pray for the following relief:

a) That the Court determine that the indebtedness of Mr. Tyner to Plaintiffs referred to herein to be wholly non-dischargeable;

b) That the Court issue a non-dischargeable judgment in favor of Plaintiffs and against Mr. Tyner in the principal amount of at least $60,950.15, plus all allowable interest;

c) That the Court issue a non-dischargeable judgment in favor of Plaintiffs and against Mr. Tyner in the principal amount of at least $1,918.97, plus all allowable interest;

d) That the Court Award Plaintiffs attorney's fees, costs, and expenses incurred by bringing this action; and

e) That the Court grant Plaintiffs such other and further relief as it may deem proper.

Respectfully submitted this 2nd day of March, 2012.

**PRIOR, DANIEL & WILTSHIRE, LLC**

By:    *s/ Michael C. Daniel*
       Michael C. Daniel
       Georgia State Bar No. 204237
       Attorney for Plaintiffs

By:    *s/ J. Barrett Malone*
       J. Barrett Malone
       Georgia State Bar No. 275280
       Attorney for Plaintiffs

490 North Milledge Avenue
Athens, Georgia 30601
(706) 543-0002
mdaniel@pdwlawfirm.com
bmalone@pdwlawfirm.com

5

IN THE SUPERIOR COURT OF OCONEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANDREW CLYDE and | : |
| CLYDE ARMORY, INC., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| HERITAGE CONSTRUCTION GROUP | : |
| INC., and MATT TYNER, Individually, | : |
| | : |
| Defendants. | : |

Civil Action No. 2009 CV 0635 S

## COMPLAINT

COMES NOW, ANDREW CLYDE and CLYDE ARMORY, INC., hereinafter collectively Plaintiffs, and file this, their Complaint against Heritage Construction Group, Inc. and Matt Tyner, individually, hereinafter collectively Defendants, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

1.

Plaintiff Clyde Armory Inc. (hereinafter "CAI") is a corporation formed under the laws of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Plaintiff Andrew Clyde is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Heritage Construction Group, Inc. (hereinafter "HCG") is a corporation formed under the laws of the State of Georgia. HCG has its registered office

Exhibit "A"                                                        001

in Oconee County, Georgia, and is, therefore, subject to the jurisdiction and venue of this Court. HCG can be served through its registered agent, Matt Tyner, in Oconee County, Georgia at 1031 Founders Lake Drive, Athens, Georgia, 30606.

4.

Defendant Matt Tyner is a resident of Oconee County, Georgia and may be served at his residence in Oconee County located at 1031 Founders Lake Drive, Athens, Georgia, 30606.

5.

Subject matter jurisdiction, personal jurisdiction, and venue over all claims stated herein are proper in this Court.

## FACTUAL BACKGROUND

6.

In November of 2008, Plaintiffs and Defendant HCG entered into a contract whereupon HCG would perform construction related services for Plaintiffs at 4800 and 4820 Atlanta Hwy, Bogart, Georgia 30622 (hereinafter the "Property").

7.

On or about December 30, 2008, pursuant to the contract, Defendant HCG invoiced Plaintiff CAI in the amount of $66,853.84. In the invoice, Defendants represented that the sums paid on the invoice would be distributed as follows: $5,000.00 for labor and materials for erosion control, $5,000.00 for labor and materials for clearing, $18,000.00 for labor and materials for grading of site, and $38,853.84 for materials only for original underground detention system. A copy of the December 30, 2008 invoice is attached as Exhibit A and incorporated herein by reference.

2

Exhibit "A"                                                          002

8.

On December 31, 2008, CAI issued a check to HCG in the amount of $66,853.84, as full and final payment for the December 30, 2008 invoice. However, HCG did not deposit this check into a HCG account. Upon information and belief, Defendants cashed the check through Tabo's Retail, Inc., which subsequently deposited the check on or about January 5, 2009. A copy of the December 31, 2008 check is attached as Exhibit B and incorporated herein by reference.

9.

CAI issued the December 31, 2008 check in reliance upon Defendants' representation that Defendants would pay over to the material supplier, CONTECH Construction Products, Inc. (hereinafter "CONTECH"), the $38,853.84 designated in the December 30, 2008 invoice as "materials only for original underground detention system," and ensure delivery of the materials to the jobsite.

10.

Defendants have failed to pay CONTECH for the materials required for the underground detention system. Upon information and belief, Defendant Matt Tyner instead used the $38,853.84 for his personal benefit.

11.

As part of HCG's contract with Plaintiffs, HCG also agreed to perform all erosion control "per ACC code for compliance." (*See* Item 8 of the proposal attached as Exhibit C and incorporated herein by reference).

3

Exhibit "A"                                     003

12.

Though HCG was prepaid via the December 31, 2008 check the sum of $5,000.00 for labor and materials for erosion control, HCG has failed to install and maintain erosion control per the ACC code for compliance.

13.

HCG's failure to maintain erosion control has resulted in numerous notices of violations from the monitoring company GEOHYDRO and has caused Plaintiffs additional and unnecessary monitoring expense.

14.

In addition to its failure to properly maintain erosion control, HCG has failed to pay for the services of Aiken Trucking, a hauling contractor hired by HCG while performing under the contract with Plaintiffs. As HCG was paid in advance for all the clearing, grading and erosion control in the sum of $28,000.00 in the December 31, 2008 check, HCG is obligated pay the hauling contractor out of this advanced sum.

15.

Aiken Trucking is currently owed $7,164.53, evidenced by invoices from the hauling contractor, copies of which are attached as Exhibit D and incorporated herein by reference. As a result of HCG's failure to pay the hauling contractor, Aiken Trucking is now taking legal action to place a lien on the Property.

16.

In a further act, Defendants, without authorization or permission from Plaintiffs, logged trees from the Property. On information and belief, Defendants sold the trees logged from the Property and distributed profits for Defendants' benefit.

4

17.

Plaintiffs demanded payment from Defendants in the amount of $51,018.37 pursuant to O.C.G.A. § 13-6-11 by sending a letter, certified mail, to Defendants. An itemization of this amount includes $38,853.84 due to CONTECH, $5,000.00 advanced for erosion control, and $7,164.53 owed to Aiken Trucking. A true and correct copy of this April 27, 2009 letter to Defendants is attached hereto as Exhibit E and incorporated herein by reference. Defendants failed to respond to Plaintiffs' demand, thereby entitling Plaintiffs to recover reasonable attorney's fees.

## COUNT ONE
### (BREACH OF CONTRACT)

18.

Plaintiffs hereby reallege all of the allegations contained in the aforementioned paragraphs as if fully set forth herein.

19.

HCG entered into a contract with Plaintiffs by which both parties were bound to perform and for which consideration was given.

20.

HCG has breached its contract with Plaintiffs by failing to pay CONTECH for the materials required for the original underground detention system, by failing to maintain erosion control per ACC code of compliance, and by failing to pay the hauling contractor.

21.

As a direct and proximate cause of HCG's breach of the contract, Plaintiffs have been damaged, and HCG is liable to Plaintiffs for said breach in an amount to be proven at trial.

5

22.

Further, Defendant Tyner has overextended his privilege in the use of the corporate entity in order to defeat justice, perpetrate fraud or evade contractual or tort responsibility. Thus, Defendant Tyner is individually liable for the breach of contract.

## COUNT TWO
## (CONVERSION)

23.

Plaintiffs hereby reallege all of the allegations contained in the aforementioned paragraphs as if fully set forth herein.

24.

Defendants have committed the tort of conversion by taking money designated under the agreement with Plaintiffs for materials required for the underground detention system, and converting this money for Defendants' own use instead of paying the money over to the material supplier CONTECH.

25.

Defendants have also committed the tort of conversion by logging trees from Plaintiffs' property without authorization or permission and converting the profits for Defendants' own use.

26.

Defendants have further committed the tort of conversion by taking money designated for clearing, grading and erosion control, and converting this money for Defendants own use rather than paying the hauling contractor.

6

Exhibit "A"                                                                    006

27.

Plaintiffs have been damaged as a result of Defendants' acts of conversion, and Defendants are liable to Plaintiffs for said conversion in an amount to be proven at trial.

28.

Upon information and belief, Defendant Tyner has converted the funds at issue for his own benefit and has personally participated in the conversion of Plaintiffs' funds. Accordingly, he has committed a conversion in his individual capacity and is, therefore, individually liable for the damages flowing from the conversion.

29.

Defendant Tyner has overextended his privilege in the use of the corporate entity in order to defeat justice, perpetrate fraud or evade contractual or tort responsibility. Thus, Defendant Tyner is individually liable for the conversion.

30.

Further, because the conduct of Defendants has been willful, intentional and reckless, Plaintiffs are entitled to punitive damages against Defendants in an amount to be determined at trial, along with the costs of litigation, included Plaintiffs' attorney fees.

## COUNT THEE
### (FRAUD)

31.

Plaintiffs hereby reallege all of the allegations contained in the aforementioned paragraphs as if fully set forth herein.

32.

The above described misrepresentations of Defendants, including their representation to Plaintiffs that they would pay the material supplier with the advanced

7

funds designated for such purpose, when they had no intention to do so, constitute a fraud committed by Defendants upon Plaintiffs.

33.

The above described misrepresentations of Defendants, including their representation to Plaintiffs that they would use the money advanced for clearing, grading and erosion control to pay for such services, when they had no intention to do so, constitute a further fraud committed by Defendants upon Plaintiffs.

34.

In addition, Defendant Tyner has overextended his privilege in the use of the corporate entity in order to defeat justice, perpetrate fraud or evade contractual or tort responsibility. Thus, Defendant Tyner is individually liable for the fraud.

35.

Defendants' actions were done willfully and intentionally to defraud Plaintiffs out of the Plaintiffs' money.

36.

As a result of Defendants' actions, Plaintiffs have been damaged, and Defendants are liable to Plaintiffs in an amount to be proven at trial.

37.

Further, because the conduct of Defendants has been willful, intentional and reckless, Plaintiffs are entitled to punitive damages against Defendants in an amount to be determined at trial, along with the costs of litigation, included Plaintiffs' attorney fees.

WHEREFORE, Plaintiffs prays as follows:

(a)     That the Defendants be properly served with this Complaint;

8

(b)     That the Court enter judgment in favor of Plaintiffs and against Defendants in an amount to be proven at trial;

(c)     That the Court award compensatory and punitive damages in favor of Plaintiffs and against Defendants as allowable by law;

(d)     That Plaintiffs recover from Defendants costs of litigation, including reasonable attorney's fees and expenses under O.C.G.A. § 13-6-11;

(e)     That all issues triable by jury, be tried by a jury of twelve; and

(f)     That Plaintiffs have such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 21st day of July, 2009.

PRIOR, DANIEL & WILTSHIRE, LLC

By: _____
       Michael C. Daniel
       Georgia State Bar No. 204237
       Attorney for Plaintiffs

490 N. Milledge Ave.
Athens, GA 30601
(706) 543-0002

9

Exhibit "A"                                    009

FROM :HERITAGE                    FAX NO. :7064258601            Dec. 31 2008 10:42AM P1

## Heritage Construction Group, Inc.

P.O. Box 208
Watkinsville, GA 30677

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/30/2008 | 1 |

**Bill To**

Clyde Armory
165 Ben Burton Road
Bogart, GA 30622

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| Labor and materials for erosion control | 1 | 5,000.00 | 5,000.00 |
| Labor and materials for clearing | 1 | 5,000.00 | 5,000.00 |
| Labor and materials for grading of site | 1 | 18,000.00 | 18,000.00 |
| Materials only for original underground detention system | 1 | 38,853.84 | 38,853.84 |

38,150.51

OK to pay

| Total | $66,853.84 |
|-------|-----------|

Exhibit A

Exhibit "A"                                                    010



Exhibit B

Exhibit "A"                                011

FROM :HERITAGE                    FAX NO. :7064258501              Feb. 17 2009 08:49PM  P2

## HERITAGE CONSTRUCTION GROUP, INC.

P. O. BOX 208
WATKINSVILLE, GA 30677
PHONE: 706-338-8844
FAX: 706-425-8801

JOB NAME:            CLYDE ARMORY
JOB NUMBER:          N/A
ESTIMATE #:          ORIGINAL ESTIMATE
LOCATION:            CLARKE COUNTY

DATE OF PROPOSAL: 4/8/08
DATE OF REVISION: 8/22/08
DATE OF REVISION: 4/30/08
DATE OF REVISION: 3/17/08

| ITEM | LINE ITEM | QUANTITY | UNIT PRICE | TOTAL | SCOPE OF WORK |
|---|---|---|---|---|---|
| 1 | CLEARING | 1 | $ 5,000.00 | $ 5,000.00 | LABOR AND MATERIALS |
| 2 | GRADING (Stripping topsoil, grading of site to balance, no haul off of unsuitable soils) | 1 | $ 18,000.00 | $ 18,000.00 | LABOR AND MATERIALS |
| 3 | WATER SYSTEM (Water service per the plans) | 1 | $ 800.00 | $ 800.00 | LABOR AND MATERIALS |
| 4 | STORM SEWER SYSTEM (Storm sewer system complete per plans) | 1 | $ 53,000.00 | $ 53,000.00 | LABOR AND MATERIALS |
| 5 | NEW SIDEWALK AND APRONS (New sidewalk and driveway aprons per the plans) | 1 | $ 8,500.00 | $ 8,500.00 | LABOR AND MATERIALS |
| 6 | NEW CURB AND GUTTER (New curb and gutter per the plans) | 1 | $ 9,000.00 | $ 9,000.00 | LABOR AND MATERIALS |
| 7 | ASPHALT PAVING (Asphalt paving for per the plans) | 2,670 | $ 20.00 | $ 53,400.00 | LABOR AND MATERIALS |
| 8 | EROSION CONTROL (All necessary erosion control per ACC code for completion) | 1 | $ 5,000.00 | $ 5,000.00 | LABOR AND MATERIALS |
| 9 | CONTECH STORM FILTER SYSTEM (Includes item 3 on contech quote for pipe size change from 12" to 18") | 1 | $ 50,160.53 | $ 50,160.53 | LABOR AND MATERIALS |
| 11 | DEDUCT ON STORM SEWER | 1 | $ (8,000.00) | $ (8,000.00) | LABOR AND MATERIALS |
| 12 | DISPOSAL OF UNSUITABLES | 1 | $ 15,000.00 | $ 15,000.00 | LABOR AND MATERIALS |
| 13 | FILL DIRT PER LOAD | 322 | $ 55.00 | $ 17,710.00 | LABOR AND MATERIALS |
|  |  |  |  | $ 226,570.53 |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| ALT1 | LANDSCAPING (Landscaping per the plans complete) | 1 | $ 7,900.00 | $ 7,900.00 | LABOR AND MATERIALS |
| ALT2 | SEPTIC SYSTEM (Septic system per the plans) | 1 | $ 13,000.00 | $ 13,000.00 | LABOR AND MATERIALS |
|  | TRENCH ROCK: $90/CY (Includes haul off of shot rock) |  |  |  |  |
|  | EXCLUSIONS: 1. No permits or fees are included. 2. No NPDES monitoring included. 3. No permanent grassing included. 4. No staking or engineering included. |  |  | 5. Relocation of existing power line or poles. |  |
|  | TRENCH ROCK: $90/CY (Includes haul off of shot rock) |  |  |  |  |

Exhibit C

Exhibit "A"                                                        012

cen #(706) 338-6267

**Invoice**

**Tom Aiken Enterprises, Inc.**
**Aiken Trucking**
**2078 Dunlap Extension Road**
**Winterville, GA 30683**
Voice:   (706)742-5598
Fax:     (706)742-2541

Invoice Number:
6205

Invoice Date:
Jan 27, 2009

Page:
1

Duplicate

Sold To:
Heritage Construction
P. O. Box 208
Watkinsville, GA  30677

| Quantity | Unit | Description | Unit Price | Extension |
|---|---|---|---|---|
| 20.00 | load | 1/19 & 1/20 Atlanta Hwy job | 20.00 | 400.00 |
| 54.25 | hours | 1/19-1/21 Atlanta Hwy job | 60.00 | 3,255.00 |
| 18.74 | tons | #4 rock hauled 1/21 on AT2 hourly ticket | 16.25 | 304.53 |

, Check No:

Total Invoice Amount    3,959.53
Payment Received
**TOTAL**    3,959.53

**Exhibit D**

**Exhibit "A"**                    013

**Tom Aiken Enterprises, Inc.**
Aiken Trucking
**2078 Dunlap Extension Road**
Winterville, GA **30683**
Voice:     (706) 742-5598
Fax:       (706) 742-2541

**Invoice**

Invoice Number:
6237

Invoice Date:
Feb 10, 2009

Page:
1

Duplicate

Sold To:
Heritage Construction
P. O. Box 208
Watkinsville, GA  30677

| Quantity | Unit | Description | Unit Price | Extension |
|---|---|---|---|---|
| 3.50 | hours | 1/20 HT-20 Atlanta Hwy. job | 60.00 | 210.00 |

Check No:

| | |
|---|---|
| Total Invoice Amount | 210.00 |
| Payment Received | |
| **TOTAL** | 210.00 |

**Exhibit D**

Exhibit "A"                                              014

**Tom Aiken Enterprises, Inc.**
**Aiken Trucking**
**2078 Dunlap Extension Road**
**Winterville, GA 30683**
Voice:   (706) 742-5598
Fax:     (706) 742-2541

# Invoice

Invoice Number:
6238

Invoice Date:
Feb 10, 2009

Page:
1

Duplicate

Sold To:
Heritage Construction
P. O. Box 208
Watkinsville, GA  30677

| Quantity | Unit | Description | Unit Price | Extension |
|---|---|---|---|---|
| 38.25 | hours | 2/9 Atlanta Hwy job | 60.00 | 2,295.00 |
| 11.00 | load | 2/9 Atlanta Hwy job | 20.00 | 220.00 |

|  | | |
|---|---|---|
| Total Invoice Amount | | 2,515.00 |
| Payment Received | | |
| **TOTAL** | | 2,515.00 |

Check No:

Exhibit D

Exhibit "A"                    015

|  | loads | hours |
|---|---|---|
| 1/19 AT-14 | 15 | 5 |
| 1/19 AT-2 | 13 | 4 |
| 1/19 HT-21 | 13 | 5 |
| 1/20 AT-14 | 18 | 6.25 |
| 1/20 AT-2 | 7 | 2.25 |
| 1/20 HT-21 | 19 | 7 |
| 1/20 SM539 | 11 | 4.5 |
| 1/21 AT-1 | 18 | 6.5 |
| 1/21 AT-16 | 18 | 6.5 |
| 1/21 AT-2 | 15 | 7 |
| 1/21 AT-3 | 17 | 6.5 |
| | | |
| 1/20 HT-20 | 9 | 3.5 |
| | | |
| 2/9 AT-2 | 25 | 9.75 |
| 2/9 AT-3 | 28 | 10 |
| 2/9 AT-4 | 26 | 9 |
| 2/9 AT-9 | 26 | 9.5 |
| 2/9 DA-2 | 11 | 3.5 |
| | | |
| 2/9 HT-21 | 23 | 8 |

**Exhibit D**

Exhibit "A"                    016

**Tom Aiken Enterprises, Inc.**
**Aiken Trucking**
**2078 Dunlap Extension Road**
**Winterville, GA 30683**
Voice:   (706) 742-5598
Fax:     (706) 742-8541

# Invoice

Invoice Number:
6252

Invoice Date:
Feb 17, 2009

Page:
1

Duplicate

Sold To:
Heritage Construction
P. O. Box 208
Watkinsville, GA   30677

| Quantity | Unit | Description | Unit Price | Extension |
|---|---|---|---|---|
| 8.00 | hours | 2/9 RT-21 on Atlanta Hwy job | 60.00 | 480.00 |

Check No:

| | |
|---|---|
| Total Invoice Amount | 480.00 |
| Payment Received | |
| **TOTAL** | 480.00 |

Exhibit D

Exhibit "A"                                         017

LAW OFFICES OF

# PRIOR, DANIEL & WILTSHIRE

A Limited Liability Company

WEBSITE: WWW.PDWLAWFIRM.COM
490 N. Milledge Ave.
Athens, Georgia 30601
Office:   (706)543-0002
Facsimile: (706) 355-3900

Michael C. Daniel

Reply to Athens Address
Sender's e-mail: mdaniel@pdwlawfirm.com

Madison Office
288 South Main Street
Madison, Georgia 30650

April 27, 2009

*Via Certified Mail:*  7155 5474 4100 7829 7020

Matt Tyner
Heritage Construction Group, Inc.
P.O. Box 208
Watkinsville, GA 30677

Re:    *Clyde Armory, Inc.*

Dear Mr. Tyner:

Our firm represents Clyde Armory, Inc. ("CAI") with regard to your agreement to provide site development work at 4800 and 4820 Atlanta Hwy, Bogart, GA 30622. This letter represents formal notice that, due to your failure to comply with the requirements of your construction agreement, your services are terminated immediately. We demand that you cease and desist further activities on this property, and any further entry on the property will be considered trespass. Should you have equipment remaining on the property, please contact Mr. Andrew Clyde, and he will escort you onto the property to remove any equipment.

This letter is to further demand payment in the amount of $51,018.37 for money you have converted from the job site. Based on our investigation, it is my understanding, you invoiced CAI in the amount of $38,853.84 for materials for an original underground detention system. Those funds were paid with the representation that they would be paid over to CONTECH Construction Products Inc. as a down payment for the production of the detention system. We recently learned these funds were never paid to CONTECH, rather they were placed in your personal account. Your action in failing to retain the funds represents fraud and conversion.

In addition to this conversion of funds, you were in advance $5,000.00 for erosion control. You have failed to install and maintain proper erosion control measures "per ACC code for compliance". This has resulted in numerous notices of violation from the erosion control monitoring company GEOHYDRO and has caused additional unnecessary monitoring expense. Simply put, you have failed to perform pursuant to the agreement; thus, CAI should be reimbursed for this advance payment.

Finally, you have failed to pay the hauling contractor, Aiken Trucking, for $7,164.53 per the 4 invoices they provided CAI. They are now taking legal action to lien CAI property because

Exhibit E

Exhibit "A"

018

April 27, 2009
Page 2

of your failure to pay. This is unacceptable in that, although a lien may be eventually satisfied, it is never fully erased. You were paid in advance for all the clearing, grading and erosion control to the sum of $28,000.00, in addition to the $38,853.84 for underground detention materials you never ordered.

This demand is provided as a good faith effort to resolve this situation amicably without further expense. By resolving this matter now, you will avoid the addition of pre-judgment interest and attorney's fees on the amount owing. In the event we are required to file a complaint, we will seek attorney's fees, costs, and expenses pursuant to O.C.G.A. § 13-6-11 on the basis that failure to accept our offer would represent stubbornly litigious conduct on your behalf. We further note that this demand is being made pursuant to O.C.G.A. § 13-6-13 and interest will accrue in accordance with the statute.

To resolve this matter, we request that you provide us with a check in the amount of $51,018.37 made payable to Clyde Armory, Inc. within thirty (30) days of the date of this letter.

Again, this letter is delivered as an effort at an amicable resolution. However, if we have not received a response from you, we will be forced to file suit and pursue all remedies available under the law. It is my sincere hope that we will not have to go down that path.

Sincerely,

Michael C. Daniel

MCD/pam
Cc:   Andrew Clyde; *via email*

Exhibit E

Exhibit "A"                    019

CERTIFIED MAIL

7155 5579 9180 7821 7824

RETURN RECEIPT REQUESTED

Matt Tyner
Heritage Const
PO Box 208
Watkinsville Gi

Prior, Daniel, & Wiltshire, LLC
490 N Milledge Avenue
Athens, Georgia 30601

$5.320
US POSTAGE
FIRST CLASS MAIL
MAILED FROM ZIP 30601

Matt Tyner

Exhibit E

Exhibit "A"

020

## IN THE SUPERIOR COURT OF OCONEE COUNTY
## STATE OF GEORGIA

ANDREW CLYDE and            :
CLYDE ARMORY, INC.,         :
                            :
    Plaintiffs,              :
                            :
v.                          :        Civil Action No. 2009-CV-0635-S
                            :
HERITAGE CONSTRUCTION GROUP :
INC., and MATT TYNER, Individually, :
                            :
    Defendants.              :
                            :

FILED IN OFFICE

10 FEB 16 PM 12: 06

*(handwritten signature)*

Clerk

### ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment. Defendants having failed to respond to Plaintiffs' Motion, contest the Plaintiffs' Statement of Undisputed Material Facts or request a hearing, and based on the record before it, the Court makes the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1.

On or about November of 2008, Plaintiffs and Defendant Heritage Construction Group ("HCG") entered into a contract (hereinafter the "Contract") whereupon HCG would perform construction related services for Plaintiffs at 4800 and 4820 Atlanta Hwy, Bogart, Georgia 30622 (hereinafter the "Property"). (¶1 Plaintiffs' Statement of Undisputed Material Facts).

Exhibit "B"                                              001

2.

On or about December 30, 2008, pursuant to the Contract, Defendant HCG invoiced Plaintiffs in the amount of $66,853.84. In the invoice, Defendant HCG and Defendant Matt Tyner (hereinafter "Defendants") represented that the sums paid on the invoice would be allocated as follows: $5,000.00 for labor and materials for erosion control, $5,000.00 for labor and materials for clearing, $18,000.00 for labor and materials for grading of site, and $38,853.84 for materials only for original underground detention system. (¶2 Plaintiffs' Statement of Undisputed Material Facts).

3.

On December 31, 2008, Plaintiffs issued a check to Defendant HCG in the amount of $66,853.84 as full and final payment for the December 30, 2008 invoice. (¶3 Plaintiffs' Statement of Undisputed Material Facts).

4.

Defendant HCG did not deposit the December 31, 2008 check into an HCG account. (¶4 Plaintiffs' Statement of Undisputed Material Facts).

5.

Instead, Defendants cashed the December 31, 2008 check through Tabo's Retail, Inc. (¶5 Plaintiffs' Statement of Undisputed Material Facts).

6.

Plaintiffs issued the December 31, 2008 check in reliance on Defendants' representation to Plaintiffs that Defendants would pay over to the material supplier, CONTECH Construction Products, Inc. (hereinafter "CONTECH"), the $38,853.84 designated in the December 30, 2008 invoice as "materials only for original underground

2

Exhibit "B"

002

detention system," and ensure delivery of the materials to the jobsite. (¶6 Plaintiffs'
Statement of Undisputed Material Facts).

7.

Defendants have failed to pay CONTECH for the materials required for the
underground detention system. (¶7 Plaintiffs' Statement of Undisputed Material Facts).

8.

Instead of using the $38,853.84 to pay CONTECH, Defendants used the
$38,853.84 for their personal benefit. (¶8 Plaintiffs' Statement of Undisputed Material
Facts).

9.

As part of Defendant HCG's contract with Plaintiffs, Defendant HCG also agreed
to perform all erosion control "per ACC code for compliance." (¶9 Plaintiffs' Statement
of Undisputed Material Facts).

10.

Defendant HCG was prepaid via the December 31, 2008 check the sum of
$5,000.00 for labor and materials for erosion control. (¶10 Plaintiffs' Statement of
Undisputed Material Facts).

11.

Defendant HCG has failed to install and maintain erosion control per the ACC
code for compliance. (¶11 Plaintiffs' Statement of Undisputed Material Facts).

3

Exhibit "B"

12.

Defendant HCG has failed to pay for the services of Aiken Trucking, a hauling contractor hired by Defendant HCG while performing under the Contract with Plaintiffs. (¶12 Plaintiffs' Statement of Undisputed Material Facts).

13.

Aiken Trucking is currently owed $7,164.53.   (¶13 Plaintiffs' Statement of Undisputed Material Facts).

14.

Defendant HCG was paid in advance for all the clearing, grading and erosion control in the sum of $28,000.00 in the December 31, 2008 check.   (¶14 Plaintiffs' Statement of Undisputed Material Facts).

15.

Defendants, without authorization or permission from Plaintiffs, logged trees from the Property. (¶15 Plaintiffs' Statement of Undisputed Material Facts).

16.

Defendants sold the trees logged from the Property and distributed profits for Defendants' benefit. (¶16 Plaintiffs' Statement of Undisputed Material Facts).

17.

Defendants owe Plaintiffs all profits generated as a result of Defendants' selling trees from the Property. (¶17 Plaintiffs' Statement of Undisputed Material Facts).

Exhibit "B"                                                    004

18.

Plaintiffs demanded payment from Defendants in the amount of $51,018.37

pursuant to O.C.G.A. § 13-6-11 by sending a letter on April 27, 2009, certified mail, to

Defendants. (¶18 Plaintiffs' Statement of Undisputed Material Facts).

19.

Defendants failed to respond to Plaintiffs' April 27, 2009 demand.   (¶19

Plaintiffs' Statement of Undisputed Material Facts).

## II. CONCLUSIONS OF LAW

The Georgia Civil Practice Act provides summary judgment as a tool of judicial

economy, a means of providing "a prompt and inexpensive method of disposing of" cases

where there is no issue of material fact left to be considered by a jury.  *See, e.g.,*

*Maxie/Bosshardt Lumber Co. v. Maxwell*, 127 Ga. App. 429 (1972).  In that regard,

summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law . . . ."  O.C.G.A. § 9-11-56(c).

The Court finds that Plaintiffs have complied with applicable procedures

established by O.C.G.A. § 9-11-56.   Defendants have failed to controvert the Plaintiffs'

Statement of Undisputed Facts, file a response, or request oral argument.  Therefore, the

Court is entitled to decide Plaintiffs' Motion for Summary Judgment.  *See* Ga. Unif.

Super. Ct. R. 6.3; *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 624 (Ga. 1987).

Accordingly, after careful consideration of Plaintiffs' Motion, and based on the

record before it, the Court finds that summary judgment is appropriate.  The Court

5

Exhibit "B"                                                    005

specifically finds, based on the record, that Defendants committed willful misconduct, fraud, and exercised an entire want of care demonstrating conscious indifference to the consequences of their actions.

**WHEREFORE**, Plaintiffs' Motion for Summary Judgment as to Count One (Breach of Contract), Count Two (Conversion), and Count Three (Fraud), against Defendant Heritage Construction Group and Defendant Matt Tyner, individually, are hereby **GRANTED**.

With regard to Counts One through Three, judgment is hereby entered against Defendants, jointly and severally, in the amount of **FIFTY ONE THOUSAND EIGHTEEN dollars and 37/100 ($51,018.37).**

Further, Plaintiffs' Motion for Summary Judgment as to Plaintiffs' claim for punitive damages and cost of litigation, including attorney's fees, costs and expenses, is hereby **GRANTED.**

No later than ten (10) days following the date of this Order, Plaintiffs' Counsel is hereby directed to submit attorney's fees, costs and expenses to the Court in the form of an affidavit. Upon consideration of the Plaintiffs' submission, the Court will consider amending this Judgment to add an appropriate award for punitive damages and the costs of litigation.

SO ORDERED this 11 day of ____February____ 2010.

_____
The Honorable Lawton E. Stephens
Judge, Oconee County Superior Court

Order Prepared by:
Michael C. Daniel
State Bar No. 204237
Attorney for Plaintiffs
PRIOR, DANIEL, & WILTSHIRE, LLC
490 N. Milledge Avenue, Athens, GA 30601
(706) 543-0002

Exhibit "B"                                                    006

**IN THE SUPERIOR COURT OF OCONEE COUNTY**
**STATE OF GEORGIA**

10 MAR -5  AM 9: 12

ANDREW CLYDE and                    :
CLYDE ARMORY, INC.,                  :
                                     :
    Plaintiffs,              :
                                     :
v.                                   :        Civil Action No. 2009-CV-0635-S
                                     :
HERITAGE CONSTRUCTION GROUP          :
INC., and MATT TYNER, Individually,  :
                                     :
    Defendants.              :
_____  :

## ORDER

Before the Court is the Plaintiffs' Affidavit for Attorney's Fees, Costs and Expenses, submitted in accordance with the Court's February 11, 2010 Order. Plaintiffs having submitted their affidavit to the Court, and after careful consideration, the Court hereby amends the Judgment set forth in the February 11, 2010 Order to include an award of the costs of litigation, including attorney's fees, costs and expenses.

**WHEREFORE**, the judgment entered against Defendants, jointly and severally, in the amount of $51, 018.37, in the February 11, 2010 Order, continues in full force and effect.

Additionally, with regard to Plaintiffs' claims for costs of litigation, including attorney's fees, costs and expenses, judgment is hereby entered against all Defendants, jointly and severally, in the amount of $9,931.78.

Until complete collection by Plaintiffs, post judgment interest on the above

awards shall run pursuant to O.C.G.A. § 7-4-12.

SO ORDERED this **3rd** day of **March** 2010.

The Honorable Lawton E. Stephens
Judge, Oconee County Superior Court

*Order Prepared by:*
Michael C. Daniel
State Bar No. 204237
*Attorney for Plaintiffs*
PRIOR, DANIEL, & WILTSHIRE, LLC
490 N. Milledge Avenue
Athens, Georgia 30601
 (706) 543-0002
mdaniel@pdwlawfirm.com

2

## IN THE SUPERIOR COURT OF OCONEE COUNTY
## STATE OF GEORGIA

ANDREW CLYDE and                          :
CLYDE ARMORY, INC.,                        :
                                          :
    Plaintiffs,                      :
                                          :
v.                                        :          Civil Action No. 2009-CV-0635-S
                                          :
HERITAGE CONSTRUCTION GROUP               :
INC., and MATT TYNER, Individually,       :
                                          :
    Defendants.                      :
_____:

### ORDER

Before the Court is Plaintiffs' Motion for Sanctions. Defendants having failed to respond to Plaintiffs' Motion, and based on the record before it, the Court makes the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1.

Plaintiffs filed the current action against Defendant Heritage Construction Group ("HCG") and Defendant Matt Tyner (hereinafter collectively "Defendants") in the Superior Court of Oconee County on July 21, 2009, asserting claims of breach of contract, conversion, and fraud.

2.

Defendant Tyner filed his answer on August 24, 2009, and Defendant HCG filed its answer on September 4, 2009. Defendant HCG's answer included counterclaims against Plaintiff Clyde Armory, Inc. for breach of contract and attorney's fees.

3.

On September 11, 2009, Plaintiffs served Requests for Production of Documents and Interrogatories upon Defendants (hereinafter "Plaintiffs' Discovery Requests").

4.

Defendants failed to file any responses to Plaintiffs' Discovery Requests within thirty days of service as required by O.C.G.A. §§ 9-11-33 & 34, or thereafter.

5.

On November 25, 2009, Plaintiffs submitted to the Court a Motion for Summary Judgment. Defendants failed to respond to Plaintiffs' Motion and the Court entered an Order on February 11, 2010, granting Plaintiffs' motion and entering judgment against Defendants and in favor of Plaintiffs on Plaintiffs' claims of breach of contract, conversion and fraud, as well as on Plaintiffs' claims for punitive damages and costs of litigation.

7.

On February 22, 2009, Plaintiffs' filed a Motion for Sanctions with the Court due to Defendants' failure to respond to Plaintiffs' discovery requests.

8.

Defendants failed to file a response to Plaintiffs' Motion for Sanctions.

9.

On April 8, 2010, the Parties were ordered to appear before this Court for a hearing on Plaintiffs' Motion for Sanctions.

2

10.

Defendants failed to appear at the hearing, and Plaintiffs' counsel moved that Plaintiffs' Motion for Sanctions be granted.

11.

The only remaining claims in this action in need of resolution are Defendant HCG's counterclaims.

12.

At the request of the Court, Plaintiffs have submitted an Affidavit to the Court for Attorney's Fees, Costs and Expenses incurred in bringing and prosecuting the Motion for Sanctions currently before the Court.

## II. CONCLUSIONS OF LAW

The Georgia Civil Practice Act provides for immediate sanctions against a party who completely fails to respond to discovery requests.   O.C.G.A. § 9-11-37(d)(1). Defendants have entirely failed to respond to Plaintiffs' Discovery Requests, thereby subjecting Defendants to sanctions as provided under O.C.G.A. § 9-11-37(d), including but not limited to reasonable expenses, attorney's fees, and dismissal of Defendant HCG's counterclaims.  Further, Defendants have failed to file a response to Plaintiffs' Motion for Sanctions and failed to appear at a hearing on Plaintiffs' Motion when ordered by the Court.  Therefore, the Court is entitled to institute immediate sanctions. *See Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 254 S.E.2d 825 (1979).

Accordingly, after careful consideration of Plaintiffs' Motion, and based on the record before it, the Court finds that sanctions are appropriate.  The Court specifically

3

finds, based on the record, that Defendants have willfully failed to respond to Plaintiffs'

Discovery Requests, despite being given some eight months in which to comply.

**WHEREFORE,** Plaintiffs' Motion for Sanctions against Defendant Heritage

Construction Group and Defendant Matt Tyner, individually, is hereby **GRANTED.**

Each and every one of Defendant HCG's counterclaims asserted in this action is

hereby **DISMISSED.**

Additionally, judgment is hereby entered against all Defendants, jointly and

severally, in the amount of $1,918.97, for the costs of litigation, including attorney's fees,

costs and expenses, incurred by Plaintiffs in bringing and prosecuting their Motion for

Sanctions.

Until complete collection by Plaintiffs, post judgment interest on the above award

shall run pursuant to O.C.G.A. § 7-4-12.

SO ORDERED this 24TH day of _____May_____ 2010.

_____
The Honorable Lawton E. Stephens
Judge, Oconee County Superior Court

Order Prepared by:

J. Barrett Malone
State Bar No. 275280
Attorney for Plaintiffs
PRIOR, DANIEL, & WILTSHIRE, LLC
490 N. Milledge Avenue
Athens, Georgia 30601
(706) 543-0002

4

Exhibit "D"                                                        004